## TERRACINA v. YAZOO & M. V. R. CO.
### No. 4778.

Court of Appeal of Louisiana. Second Circuit.

March 2, 1934.

Bryan E. Bush, of Shreveport, for appellant.

Wise, Randolph, Rendall & Freyer, of Shreveport, for appellee.

MILLS, Judge.

The written opinion of the trial judge states the facts and decides this case correctly. We therefore adopt it as our own:

"Plaintiff seeks to recover the value of three shipments of cigarettes from the American Tobacco Company of Durham, N. C.; the defendant being the delivering carrier, and allegedly failing to deliver same.

"The defendant admits the receipt of the cigarettes, and claims to have delivered same to plaintiff through his agent. It alleges that these particular shipments were delivered in accordance with a custom of long standing and plaintiff is estopped from now contesting the authority of the agent.

"The shipments were actually delivered to W. F. Whitford, who was working for one A. C. Morris.

"Plaintiff had a store and purchased his cigarettes from a jobber, paying a higher price than if bought from the manufacturer. Morris was in the jobbing business and proposed to plaintiff that plaintiff purchase cig-arettes from the manufacturer for him (Morris) and that he (Morris) would let plaintiff have what he wanted at the original cost; in other words, Morris was just using the credit of plaintiff. This will be referred to later.

"This went on for several months, beginning in March and ending in July. Every shipment up to that of July 14th was receipted for by either Morris or Whitford and not by plaintiff. All shipments were consigned to plaintiff—open bill of lading, nonnegotiable. Such a bill does not have to be surrendered to the carrier, and we are satisfied none was surrendered.

"Plaintiff testified that he knew Morris was getting the cigarettes all along and that it was all right for him to get them so long as he paid for them before he got them; he further testified that he thought Morris could not get them from the railroad company without a bill of lading; that when Morris would pay for a shipment the bill of lading would be given him and he could then get delivery; that the three shipments sued for had not been paid for by Morris, and the bills of lading had not been delivered to him. Plaintiff says the bills were lost by his son. The son says he lost some bills of lading, but could not say they were the ones in question.

"Morris has left for parts unknown and did not testify, but Whitford did. Whitford contradicts plaintiff in that he says that Morris did not pay for the cigarettes before he got them, but paid after, and corroborates him when he says that Morris would give him the bill of lading when he sent him after a shipment.

"In regard to the manner of paying for the cigarettes, Whitford's story is the more reasonable, for we must remember that Morris was using plaintiff's credit in ordering same. If he had to pay plaintiff for them before getting them, he was getting no advantage from this credit, as he could just as well order them in his own name and have them come sight draft, bill of lading attached.

"Mr. Johnson, an employee of defendant, but a witness for plaintiff, testified that plaintiff had given verbal instructions in regard to delivery.

"Mr. Jones, another employee and a witness for defendant, testified that when the first shipment came in the plaintiff came to the cashier's window in company with Morris and told him that it would be all right for Morris to get these shipments.

"We cannot imagine a railroad company

permitting one man to get another man's shipment of valuable goods, time after time and month after month, unless it had something on which to base such delivery.

■ "We think the defendant has sufficiently met the burden by showing a course of dealing and likewise specific instructions.

"The demands of plaintiff should be rejected.

"T. F. Bell, District Judge."

The case of First National Bank v. Henderson Cotton Oil Co., 157 La. 394, 102 So. 501, is only authority for the rule that a carrier has no right to deliver goods without surrender of negotiable bills of lading.

For the reasons assigned, the judgment of the lower court is affirmed.